IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES FROSS, et al. )
     Plaintiffs, )
 )
v. ) Civil Action No. 08-1405
 )
COUNTY OF ALLEGHENY, )
     Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,                                                 October 16, 2008
District Judge

    This is a declaratory judgment action seeking to invalidate an Allegheny County Ordinance that restricts the residency of registered sex offenders. Six plaintiffs who are subject to this ordinance have filed suit. Two plaintiffs seek leave to proceed under pseudonyms [doc. no. 2]. They allege that such relief is needed because "[i]f required to reveal their identities during the pendency of this litigation, [they] will doubtlessly be harassed at work and where they live or seek to live, will likely lose their jobs, and no relief, either at law or in equity, will be able to undo the ensuing harm and stigma." Motion, doc. no. 2, at ¶ 2. Plaintiffs deny any possible prejudice to the County because they will disclose their true identities to it.

    The County has not opposed this motion. However, that does not relieve this court of its "independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Doe v. City of Chicago, 360 F.3d 667, 669-70 (7th Cir. 2004). Use of a

fictitious name for a plaintiff runs afoul of the public's common law right of access to judicial proceedings, and Federal Rule of Civil Procedure 10(a)'s command that the title of every complaint "include the names of the parties." Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). However, federal appellate courts have recognized that public access must yield to the need for anonymity in appropriate circumstances. See e.g., M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998); James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993); Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992); Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981).

The Court of Appeals for the Third Circuit has not articulated a standard to apply when determining whether to allow a plaintiff to proceed anonymously. However, the factors considered by federal district courts in this circuit were recently summarized in Lozano v. City of Hazelton, 496 F.Supp.2d 477 (M.D. Pa. 2007). These factors include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's

2

identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of the litigants; (8) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." Id. at 506 (citing Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 549-50 (D.N.J. 2006) and Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). As a general rule, "the public's right of access should prevail unless the party requesting pseudonymity demonstrates that her interests in privacy or security justify pseudonymity." Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001).

The majority of the relevant factors weigh in favor of allowing two out of the six plaintiffs to proceed anonymously in this case. Specifically, the first, second, fourth, sixth, seventh, and eighth factors weigh in plaintiffs' favor. Plaintiffs have promptly sought to maintain their anonymity, and

there is no evidence that they have revealed their involvement in this case to the public to date. Plaintiffs have raised particularized concerns regarding fear of harassment and retribution at work. There is no indication that these fears are unjustified, or have been manufactured for the purposes of litigation. Nor is there any indication that these two plaintiffs have ulterior motives for seeking anonymity.

In addition, the legal nature of the case favors plaintiffs. This case raises constitutional challenges to a County ordinance. Although the facts and circumstances surrounding each plaintiff will be part of the case, the ordinance applies to a general class of people, and contains no provisions directed to individual determinations. As such, the fact that the anonymous plaintiffs are registered sex offenders is the only determinative factor as to their status for purposes of this suit. Their individual names will not effect the legal issues raised in the case. To the extent there is a public interest in this case, it is, or should be, focused on the legal issues raised, and not the individuals bringing it. For the same reasons, there is no particularly strong interest, beyond the normal public interest, in knowing the plaintiffs' identities.

Balanced against all of these factors, which clearly favor allowing plaintiffs to proceed under pseudonyms, are the third and fifth factors. These two factors weigh against granting

plaintiffs the relief that they have requested. There is no particular public interest in allowing the plaintiffs to proceed anonymously, nor danger to these particular plaintiffs if they are not permitted to proceed anonymously, because the case will proceed, and the legal issues will be decided, in the name of the four named plaintiffs even in their absence.

Upon consideration of each of the relevant factors, the court concludes that M. Doe and D. Doe should be permitted to proceed under pseudonyms, with the understanding that their true identities will be revealed to the County. The court retains the right to reevaluate these factors, if necessary, as this litigation proceeds.

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES FROSS, M. DOE, D. DOE,
SHAWN CZERWIEN, CHARLES METER,
AND CHRISTOPHER HAIGH,

CIVIL DIVISION

No. 08-1405

    Plaintiffs,

v.

COUNTY OF ALLEGHENY,

Defendant.

## ORDER OF COURT

AND NOW, to-wit, this _16_ day of _October_, 2008, it is hereby ORDERED that: (a) Doe Plaintiffs are granted leave to proceed pseudonymously; (b) all documents which could reveal Doe Plaintiffs' true identities are to be filed under seal; and (c) Defendant County shall otherwise take reasonable measures to prevent public disclosure of Doe Plaintiffs' true identities.

_____
U.S.D.J.